**FROM: The District Court of the 13th Judicial District.**
**County of Carbon.**

STATE OF MONTANA,
                    Plaintiff,                                NO. DC 96-22
          vs.                                                DECISION
Jason Scott Tomlinson,
                    Defendant.

On December 30, 1996, it was ordered that the defendant, for the crime of Aggravated Kidnapping, be and hereby is committed to the Montana State Prison pursuant to 46-18-201(1)(e), Mont. Code Ann., for a term of thirty (30) years, with ten

(10) of those years suspended; it is further ordered that the defendant, for the use of a firearm during the commission of the above crime, be and hereby is committed to the Montana State Prison pursuant to 46-18-221, Mont. Code Ann., for a term of five (5) years. Said sentence is to run consecutively with that sentence imposed above. Defendant shall receive credit, in the amount of 123 days, for time served in the Carbon County Jail. It is further ordered that that portion of the sentence that is suspended is subject to conditions as stated in the December 30, 1996 judgment.

On February 20, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 20th day of February, 1997.

DATED this 4th day of March, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Member, Hon. Richard G. Phillips.**

The Sentence Review Board wishes to thank Jason Scott Tomlinson for representing himself in this matter.